Green, J.
delivered the opinion of the court.
In this case the bill charges, that Lemuel Donelson died in 1S32, intestate, leaving a large personal estate, to which Elizabeth Donelson, his widow, and their two children were entitled.
After the death of Lemuel, Elizabeth employed complainant to do some carpenter’s work for her, which was executed to the value of $88. After said work was performed, said Elizabeth died intestate. The defendant, William Donelson, in October, 1832, administered on the estate of said Lemuel, and took it into his possession, and still retains it. Said William paid all the debts of said Elizabeth, except complainant’s, which he refused to pay. Complainant sued him Us execntor of said Elizabeth, and by proving that he had thus intermeddled with her estate, making himself her executor de son tort, he recovered a judgment for $102 32, and $55 75 costs of suit.
The plea of fully administered was found for said William, and complainant has no remedy but in a court of equity, and he prays that the distributive share of said Elizabeth of her husband’s estate, which said William has in his hands, be subjected to the payment and satisfaction of his judgment.
To this bill the defendants demurred, the demurrer was sustained by the chancellor, and complainant appealed to this court.
The decree of the chancellor was clearly right in this case. William Donelson does not represent the rights of *372 Elizabeth. By doing a wrongful act, he made himself liable to be proceeded against, as executor; but he was liable only to the extent of the goods in his hands. He could not maintain a suit for the recovery of debts due to Elizabeth, as her executor. If he could, his wrongful act would confer on him benefits, create for him rights, which he could not have acquired but by the wrong. It follows, that if the executor de son tort, could not maintain a suit for Elizabeth’s distributive share, a creditor, through such executor de son tort, cannot subject it to his debt. The fact that William Do-nelson is the rightful administrator of Lemuel, and also the executor de son tort of Elizabeth, does not alter the case from what it would be if some other person had been Lemuel’s administrator. Had that been the case, it is apparent that William, the executor de son tort, could not have sued' such administrator, and recovered Elizabeth’s distributive share; and if he could not, the creditors of Elizabeth can-not surely do it through him. As this ground is decisive' of the case, it is unnecessary to enter upon the discussion of other points raised at the bar. Let the decree be affirmed.
Decree affirmed.